IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL P. CASHMAN, et al.,

      Petitioner,                            No. CIV S-06-1396 MCE GGH P

   vs.

JOSEPH S. WARCHOL, II,

      Respondent.                     <u>ORDER</u>

_____/

        On June 22, 2006, Daniel P. Cashman, a non-attorney, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254[1] purportedly on behalf of a minor identified as B.W.

        Appearances in federal court are governed by 28 U.S.C. § 1654.  While a non-attorney may represent him or herself in a lawsuit, he or she has no authority to appear as an attorney for others.  "[A] parent or guardian may not bring an action on behalf of a minor child without retaining a lawyer."  <u>Johns v. County of San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997).  <u>See</u> also <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993)(unincorporated association must appear through counsel); <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987)(dismissing complaint signed only by nonlawyer

---

[1] The petition erroneously states that it is brought pursuant to 28 U.S.C. § 2242.

1

1 trustee); Church of the New Testament v. United States, 783 F.3d 771, 772 (9th Cir. 1987)(church
2 must appear in court through a licensed attorney); Iannoccone v. Law, 142 F.3d 553, 558 (2d Cir.
3 1998)(estate's action cannot be conducted pro se); Pridgen v. Andresen, 113 F.3d 391, 393 (2d
4 Cir. 1997)(same).

        The instant action is not proper insofar as petitioner Cashman, a non-lawyer, purports to bring this action on behalf of another party.

        Accordingly, IT IS HEREBY ORDERED that within ten days of the date of this order petitioner Cashman shall show cause why this action should not be dismissed because he has no authority to appear on behalf of minor B.W.

DATED:  7/26/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
cash1396.osc